**B1 (Official Form 1) (12/11)**

| United States Bankruptcy Court<br>Eastern District of New York | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Hoyt Transportation Corp.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all):    **11-2503361** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**2620 West 13th Street**<br>**Brooklyn, NY**<br>ZIPCODE **11223** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br><br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**Kings** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIPCODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtor**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (12/11)                                                                                     Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Hoyt Transportation Corp.** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)         Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**
**(Check any applicable box.)**

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
**(Check all applicable boxes.)**

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| B1 (Official Form 1) (12/11) | Page 3 |
|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Hoyt Transportation Corp.** |
|---|---|

<table>
<tr><td colspan="2" align="center"><b>Signatures</b></td></tr>
<tr>
<td>

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Debtor

X _____
  Signature of Joint Debtor

_____
  Telephone Number (If not represented by attorney)

_____
  Date

</td>
<td>

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
  Signature of Foreign Representative

_____
  Printed Name of Foreign Representative

_____
  Date

</td>
</tr>
<tr>
<td>

**Signature of Attorney***

X _____
  Signature of Attorney for Debtor(s)

**Kevin J. Nash**
**Goldberg, Weprin, Finkel,**
**Goldstein, L.L.P.**
**1501 Broadway, 22nd Floor**
**New York, NY 10036**
**(212) 221-5700**
**KNash@GWFGlaw.com**

**July 13, 2013**
  Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td>
<td>

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

</td>
</tr>
<tr>
<td>

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Authorized Individual

**Chris J. Termini**
  Printed Name of Authorized Individual

**Vice President**
  Title of Authorized Individual

**July 13, 2013**
  Date

</td>
<td>

X _____
  Signature

_____
  Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

</td>
</tr>
</table>

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                    Chapter 11

HOYT TRANSPORTATION CORP.,                                 Case No.

                              Debtor.

------------------------------------------------------------x

## CORPORATE RESOLUTION

At a special meeting of the shareholders of Hoyt Transportation Corp., (the "Company") held on July 13, 2013, and upon due consent and after motion duly made, seconded and unanimously carried, it is hereby:

> **RESOLVED**, that the Company is authorized and empowered to cause the filing of a petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York, and that the bankruptcy filing is in the best interests of the Company, its creditors and equity holders; and it is further

> **RESOLVED**, that the Company is authorized to retain the firm of GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP, as counsel for purposes of filing and prosecuting the Chapter 11 case on its behalf.

Dated: Brooklyn, NY
       July 13, 2013

HOYT TRANSPORTATION CORP.

By:
    Name:   Chris J. Termini
    Title:     Vice President

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                           Chapter 11

HOYT TRANSPORTATION CORP.,                        Case No.

                        Debtor.

-------------------------------------------------------------x

## DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULES

    CHRIS J. TERMINI, declares the following under penalties of perjury pursuant to

28 U.S.C. § 1746:

    1.  I am the vice president of Hoyt Transportation Corp. (the "Debtor").  The

Debtor is a corporation organized under the laws of the State of New York, with current offices

at 2620 West 13th Street, Brooklyn, NY 11223.

    2.  This Declaration is filed on behalf of the Debtor in support of its Chapter

11 petition pursuant to Local Rules of this Court.

  **(A)**  **NATURE OF THE DEBTOR'S BUSINESS**

    3.  For more than three decades, the Debtor operated a successful school bus

company, servicing the City of New York, Department of Education ("DOE").  The Debtor

specialized in the transportation of students with disabilities throughout the metropolitan area (K-

12), and enjoyed long-standing relationships with the DOE, the Debtor's labor union and its

employees, as well as all of its vendors and suppliers.

    4.  Prior to recent events, the Debtor maintained a total of 307 bus routes,

utilizing a fleet of approximately 350 buses.  The majority of the Debtor's routes transported

children from the outer boroughs to Manhattan and Westchester.

5.    The Debtor employed approximately 675 full-time drivers, attendants/escorts, and support personnel, substantially all of whom were members of the Amalgamated Transit Union 1181-1061, AFL-CIO (Local 1181).

6.    As part of its operations, the Debtor was a signatory to a collective bargaining agreement with Local 1181, and a long time contributing employer to the Division 1181 ATU-New York Employee's Pension Fund (the "Pension Fund").

7.    In 2012, the Debtor generated total revenues of approximately $51,000,000 and by all reasonable measures was a model of successful business enterprise. Sadly, however, the dedicated work of more than 30 years has come to an abrupt halt due to political forces beyond the Debtor's control.

**(B)    MATERIAL EVENTS LEADING UP TO THE BANKRUPTCY**

8.    The Debtor's most recent school bus transportation contract with DOE expired on June 30, 2013. Over the years, the Debtor received approximately eight prior contract extensions and was hopeful of winning another contract for the upcoming school year.

9.    However, the framework of the entire school bus industry changed when the DOE suddenly announced that companies submitting bids were no longer required to maintain long-standing Employee Protection Provisions (EPPs).

10.    As a result, the Debtor found itself bidding against companies that were not obligated to utilize union personnel or hire employees from a seniority list. This put the Debtor at a severe competitive disadvantage, and led inevitably to the Debtor's failure to be awarded another contract.

11.    During the last year or so, tension developed between City Hall and the Union when the new bidding requirements, suddenly issued in December 2012, did not include

EPP provisions. This change triggered a school bus strike in early 2013, and left hard feelings throughout the industry. Unfortunately, the Debtor was collateral damage in the cross-fire between City Hall and the Union.

12.     Historically, to maintain stability in the New York City school bus industry, an agreement was reached in 1979, dubbed the "Mollen Agreement," under which all City school bus contractors were obligated to employ union employees and contribute to the union pension fund on their behalf. Additionally, the Mollen Agreement further provided that all new contractors receiving bids were required to hire workers off a Master seniority list and continue to contribute to the union pension fund on their behalf. This arrangement was designed to ensure continuity of employment for union workers despite any changeover in contractors.

13.     The Debtor has been active in the school bus industry since the advent of the Mollen Agreement, and developed a highly unionized work force as a result of its adherence to the EPP requirements. As a result, the Debtor's cost of labor was high, which up until recent months was not an impediment to profitability because the Debtor's competitors were likewise subject to the same EPP requirements. This all changed when the DOE eliminated all the EPP requirements.

14.     Furthermore, as an outgrowth of the EPP dominant school bus industry, the Debtor and other employers received a special exemption from normal ERISA withdrawal liability rules beginning in 1983. In light of the EPP, the PBGC found there was sufficient continuity and stability to the pension contribution base, because even if a particular employer ceased having an obligation to contribute to the Pension Fund, the incoming employer would still have an obligation to contribute to the Pension Fund.

15.    The EPP provisions and related special exemption were an integral part of the development of the Debtor's business since 1983.    In fact, the Debtor hired hundreds of employees at premium labor rates in reliance on the continuity of the EPP requirements and the special withdrawal liability exemption.

16.    The Debtor obtained and accepted a renewal of its last contract in the belief and expectation that the exemption from withdrawal liability would continue.

17.    However, in response to the change in the bid process by the DOE, the Pension Fund revoked the withdrawal liability special exemption that guided the Debtor's business for the last 30 years.

18.    The revocation of the withdrawal liability was made effective April 16, 2013, and had the negative impact of suddenly exposing the Debtor to a multi-million dollar withdrawal liability that never previously existed, and stripping the Debtor of an important contract benefit that it had relied upon in the operation of its business.

**(C)    Goals of the Chapter 11 Case**

19.    The Debtor views Chapter 11 as the most efficient avenue to preserve all of its legal and financial options while it addresses a myriad of competing interests and claims.

20.    To begin with, the Debtor is challenging the actions of the DOE and has filed an Article 78 proceeding in the Supreme Court, New York, County (Index No. 100741-2013).    The Debtor has moved for a preliminary injunction seeking to enjoin the DOE from entering into a contract to replace the Debtor's routes based upon a flawed bidding process.    A decision on the motion for a preliminary injunction is pending, although the Debtor was unable to obtain a temporary restraining order.

21.     Accordingly, the Debtor must attend to preparation for a final closing of its business in the event of an adverse ruling on the Article 78 petition. In that regard, the Debtor has terminated substantially all of its employees as of June 28, 2013. At the time, the Debtor was current with all of its billed pension obligations.

22.     Historically, much of the Debtor's work force is furloughed during the summer months. However, absent injunctive relief, because the Debtor's routes have already been awarded to another company, the employees will not be brought back to work and the Debtor will be forced to liquidate its assets under Chapter 11.

23.     Additionally, the provisions of the Bankruptcy Code also allow the Debtor the best means to contest the resulting labor obligations. In fact, the Chapter 11 petition is being filed within 90 days of the effective date of the revocation of the withdrawal liability exemption to preserve rights to challenge the validity of the Pension Fund's actions under the avoidance powers of the Bankruptcy Code.

**(D)     Other Information Required Pursuant To Local Bankruptcy Rule 1007-4**

24.     Pursuant to Local Bankruptcy Rule 1007-4(a)(i), the debtor is not a small business.

25.     Pursuant to Local Bankruptcy Rule 1007-4(a)(ii) the nature of the Debtor's business is set forth in above.

26.     Local Bankruptcy Rule 1007-4(a)(iii) is not applicable because this Chapter 11 Case was not originally commenced under chapter 7, 12 or 13.

27.     Pursuant to Local Bankruptcy Rule 1007-4(a)(iv), no committee of creditors was formed prior to the Chapter 11 Case.

28.     Pursuant to Local Bankruptcy Rule 1007-4(a)(v), a list of the names and addresses of the holders of the Debtor's 20 largest general unsecured claims is included as part of the petition. This list includes the amount of the claim, the nature of the claim (i.e., trade debt, real property lease, etc.) and, if appropriate, an indication of whether such claim is contingent, unliquidated, disputed or partially secured.

29.     Pursuant to Local Rule 1007-4(a)(vi), the Debtor's pre-petition secured obligations relate to a series of purchase money notes issued by Sovereign Bank to finance acquisition of segments of the Debtor's school bus fleet. The various notes aggregate approximately $3,309,581, and have different maturity dates and interest rates. Generally, however, the notes mature over the next three years, and bear interest at a range of 4.09% to 5.47%.

30.     Pursuant to Local Bankruptcy Rule 1007-4(a)(vii), a summary of the Debtor's assets and liabilities will be filed in connection with the filing of a complete set of schedules and the statement of financial affairs within the next 15 days.

31.     No shares of stock, debentures or other securities of the Debtor are publicly held.

32.     Pursuant to Local Bankruptcy Rule 1007-4(a)(ix), no property of the Debtor is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor.

33.     Pursuant to Local Bankruptcy Rule 1007-4(a)(x), a list of the Debtor's various leased premises is set forth below:

| Landlord | Location | Rent |
|---|---|---|
| Logan Amusement | Neptune Ave. & W. 19th St., Brooklyn | $3,050.00 |
| Tet Real Estate | 2620 West 13th Street, Brooklyn | $5,000.00 |
| Kaycee Jr. Entr. | West 13th St. & Stillwell Ave., Brooklyn | $8,206.50 |
| Randall Properties | 1271 Randall Avenue, Bronx | $14,168.00 |
| Quadrozzi Realty | Cropsey Avenue, Brooklyn | $15,043.50 |
| Camey of NY LLC | Stillwell Avenue, Brooklyn | $4,250.00 |
| IC Land LLC | 380 South Chelsea, Staten Island | $1,200.00 |
| Georgallis | Spofford Avenue, Bronx | $11,000.00 |

34.     Pursuant to Rule 1007-4(a)(xii), a list of all the pending actions in which the Debtor is a party is included as part of the petition.

35.     Pursuant to Rule 1007-4(a)(xiii), the business of the Debtor is managed by members of the Termini family, primarily myself, my father Joseph Sr., my brother Joseph Jr., and my sister Karen.  Our current weekly salaries were approximately $4,000 per week, and my father, who is the majority shareholder, earned approximately $8,000 per week.  These salaries will be adjusted downwards during the Chapter 11 case.

36.     Pursuant to Rule 1007-4(a)(xiv), the estimated gross amount of weekly payroll (exclusive of officers, directors and members) for the thirty (30) day period following the commencement of this Chapter 11 case will be approximately $7,000 per week unless the situation improves.

## REORGANIZATION STRATEGY

37.     In many respects, the Debtor's final exit strategy will depend on the outcome of the pending Article 78 proceeding.  A decision is expected by the end of the summer, if not sooner.

38.    In the meantime, the Debtor will explore the possibility of obtaining new routes, while it also pursues resolution of its union-related obligations.  Even if the Article 78 litigation is unsuccessful, the Debtor still believes that Chapter 11 affords it the best opportunity to sell its assets at going concern values in furtherance of a liquidating plan and provide the most efficient forum to resolve the claims sure to arise in the wake of the Debtor's inability to continue ongoing operations.

Dated:        Brooklyn, NY
              July 13, 2013

_____
CHRIS J. TERMINI

B4 (Official Form 4) (12/07)

## United States Bankruptcy Court
## Eastern District of New York

IN RE:                                                                      Case No. _____

Hoyt Transportation Corp. _____    Chapter 11
                              Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Division 1181 A.T.U. - New York Employees Pension Fund 101-49 Woodhaven Blvd. Ozone Park, NY 11416 | | | Unliquidated Disputed | 5,500,000.00 |
| Local 1181-1061 ATU AFL-CIO 101-49 Woodhaven Boulevard Ozone Park, NY 11416 | | | Unliquidated Disputed | 3,400,000.00 |
| NYC Dept Of Education 44-36 Mount Veron Boulevard Long Island City, NY 11101 | | | Unliquidated | 1,269,000.00 |
| Greenberg Traurig LLP 200 Park Avenue New York, NY 10166 | | | Unliquidated | 115,925.74 |
| NY City Department Of Finance Bankruptcy Unit 340 Adams Street, 10th Floor Brooklyn, NY 11201 | | | Unliquidated | 79,000.00 |
| New York State Insurance Fund Workers Compensation P.O. Box 5262 Binghamton, NY 13902 | | | Unliquidated | 69,218.60 |
| Local 1181-1061 ATU AFL-CIO 101-49 Woodhaven Boulevard Ozone Park, NY 11416 | | | Unliquidated | 62,000.00 |
| BP PO Box 70887 Charlotte, NC 28272 | | | Unliquidated | 61,284.42 |
| Wex Bank PO Box 6293 Carol Stream, IL 60197 | | | Unliquidated | 51,172.92 |
| Bonamassa Maietta & Cartelli, LLP 9001 Fifth Avenue Brooklyn, NY 11209 | | | Unliquidated | 50,000.00 |
| American Express PO Box 981535 El Paso, TX 79998 | | | Unliquidated | 35,000.00 |
| Cropsey Land PO Box 920179 Arverne, NY 11692 | | | Unliquidated | 15,043.53 |
| Randall Properties 8 Redmond Lane Oyster Bay Cove, NY 11771 | | | Unliquidated | 14,168.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | |
|---|---|---|
| **Wex Bank**<br>PO Box 6293<br>Carol Stream, IL  60197 | Unliquidated | 12,738.54 |
| **Georgallas**<br>750 Drake Street<br>Bronx, NY  10474 | Unliquidated | 11,000.00 |
| **New York Transmission Group**<br>154-05 Northern Blvd.<br>Flushing, NY  11354 | Unliquidated | 10,830.57 |
| **NY City Department Of Finance**<br>Bankruptcy Unit<br>340 Adams Street, 10th Floor<br>Brooklyn, NY  11201 | Unliquidated | 5,000.00 |
| **TET Realty**<br>31 Bay Street<br>Brooklyn, NY  11231 | Unliquidated | 5,000.00 |
| **Camey Of NY LLC**<br>432 Fawns Run<br>Morganville, NJ  07751 | Unliquidated | 4,250.00 |
| **C.A.D.I. Auto Parts, Inc.**<br>25 Mill Pond Parkway<br>Monroe, NY  11223 | Unliquidated<br>Disputed | 3,344.82 |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, [the president *or* other officer *or* an authorized agent of the corporation][*or* a member *or* an authorized agent of the partnership] named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: **July 13, 2013**          Signature: _____

**Chris J. Termini, Vice President**

(Print Name and Title)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                             Chapter 11

HOYT TRANSPORTATION CORP.,                          Case No.

                              Debtor.
-------------------------------------------------------------x

## LIST OF EQUITY HOLDERS

| Name | Percentage Interest |
|------|---------------------|
| Joseph S. Termini, Sr. | 34% |
| Joseph S. Termini, Jr. | 22% |
| Karen E. Salpas | 22% |
| Chris J. Termini | 22% |

Dated: Brooklyn, NY
       July 13, 2013

                              HOYT TRANSPORTATION CORP.

                              By: _____
                                  Name:   Chris J. Termini
                                  Title:    Vice President

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      Chapter 11

HOYT TRANSPORTATION CORP.,                                  Case No.

                                Debtor.
------------------------------------------------------------x

## LIST OF PENDING LAWSUITS

1. In the Matter of the Application of HOYT TRANSPORTATION CORP et. al. v. THE
   NEW YORK CITY DEPARTMENT OF EDUCATION et. al.
   Supreme Court of the State of New York, New York County
   Index No. 100741/2013
   Attorney for Plaintiffs/Petitioners:    Michael A. Berlin, Esq.
                                           GREENBERG TRAURIG, LLP
                                           54 State Street, 6th Floor
                                           Albany, NY 12207
                                           Tel. 518-689-1444

      Attorney for Defendants/Respondents:  New York City Corporation Counsel
                                            100 Church Street, Room 4-313
                                            New York, NY 10007
                                            Tel. 212-356-1140

   Scope: Article 78 Proceeding to challenge the changes in the DOE's Request for Bids that
eliminiated all EPP protections.

2. Paulsen v. All American School Bus Corp. et. al.
   U.S. District Court, Eastern District of New York
   Case No. 13-CV-03762
   Attorney for Plaintiff:  Annie Hsu
                            National Labor Relations Board
                            2 MetroTech Center, Suite 5100
                            Brooklyn, NY 11201
                            Tel. 718-330-7731

      Attorneys for Defendants:    Jeffrey D. Pollack
                                   Mintz & Gold LLP
                                   470 Park Avenue South
                                   New York, NY 10016
                                   Tel. 212-696-4848

Richard Milman
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3w8
New Hyde Park, NY 11042
Tel. 516-328-8899

Scope:  Action for injunctive relief against a group of employers in school bus industry relating to whether the parties reached an impasse following December 31, 2012 expiration of last collective bargaining agreement.

3.  Bostick v. Hoyt Transportation Corp.
    Supreme Court of the State of New York, Westchester County
    Index No. 005416/2011
    Attorney for Plaintiff:  Worby Groner Edelman LLP
                             11 Martine Avenue, Penthouse
                             White Plains, NY 10606
                             Tel. 914-686-3700

    Attorney for Defendant: Pro Se

    Scope:  Personal injury – subject to DOE coverage

4.  Hood v. Hoyt Transportation Corp.
    Supreme Court of the State of New York, New York County
    Index No. 104399/2011
    Attorney for Plaintiff: Mark L. Lubelsky & Assoc.
                            123 West 18th Street, 8th Floor
                            New York, NY 10011
                            Tel. 212-242-7480

    Attorney for Defendant:       Daniel J. Sweeney & Associates
                                  941 North Broadway, 2nd Floor
                                  White Plains, NY 10603
                                  Tel. 914-358-1220

    Scope:  Personal injury – subject to DOE coverage

5.  Rhymes v. Hoyt Transportation Corp.
    Supreme Court of the State of New York, Kings County
    Index No. 025359/2011
    Attorney for Plaintiff:  Friedman and Simon
                             333 Jericho Turnpike
                             Jericho, NY 11753

Attorney for Defendants:     Gallo, Vitucci & Klar
90 Broad Street, 3rd Floor
New York, NY 10004
Tel. 212-683-7100

Nancy L. Isserlis
36-01 43rd Avenue
Long Island City, NY 11101
Tel. 718-361-1514

Scope:  Personal injury – subject to DOE coverage

6. Cappuccio v. Hoyt Transportation Corp.
Supreme Court of the State of New York, Bronx County
Index No. 309735/2009
Attorney for Plaintiff:  Kafko Schnitzer, LLP
7 Hugh Grant Circle, Suite 1
Bronx, NY 10462
Tel. 718-319-8902

Attorney for Defendants:     Quirk & Bakalor PC
845 Third Avenue, 15th Floor
New York, NY 10022
Tel. 212-319-1000

Freiman Acker, LLP
1500 Broadway, 21st Floor
New York, NY 10036
Tel. 646-553-1900

Scope:  Personal injury – subject to DOE coverage

7. Gutierrez v. Hoyt Transportation Corp.
Supreme Court of the State of New York, Bronx County
Index No. 350058/2009
Attorney for Plaintiff:  Tolmage, Peskin & Assoc.
20 Vesey Street, Suite 700
New York, NY 10007
Tel. 212-964-1390

Attorney for Defendant:     Schnader, Harrison & Assoc.
                            140 Broadway, Suite 3100
                            New York, NY 10005
                            Tel. 212-973-8000

Scope: Personal injury – subject to DOE coverage

8. Rodriguez v. Hoyt Transportation Corp.
   Supreme Court of the State of New York, Bronx County
   Index No. 304262/2011
   Attorney for Plaintiff: Zaremba, Brownell & Brown, PLLC
                           40 Wall Street, 27th Floor
                           New York, NY 10005
                           Tel. 212-380-6700

   Attorney for Defendant:     Wilson, Elser, Moskowitz, LLP
                               3 Gannett Drive
                               White Plains, NY 10604
                               Tel. 914-323-7000

   Scope: Personal injury – subject to DOE coverage

9. Perkins-Peacock v. Hoyt Transportation Corp.
   Supreme Court of the State of New York, Kings County
   Index No. 029025/2008
   Attorney for Plaintiffs: Bonina & Bonina
                            16 Court Street, Suite 1600
                            Brooklyn, NY 11241
                            Tel. 718-522-1786

                            Dinkees & Schwitzer
                            112 Madison Avenue, 10th Floor
                            New York, NY 10016
                            Tel. 212-683-3800

   Attorney for Defendant:     Lewis, Brisbois, Bisgaard & Smith
                               77 Water Street
                               New York, NY 10005
                               Tel. 646-783-0962

   Scope: Personal injury – subject to DOE coverage

10. Simmons v. Hoyt Transportation Corp.
    Supreme Court of the State of New York, Kings County
    Index No. 014768/2012
    Attorney for Plaintiff:  Cherny & Podolsky, PLLC
                             8778 Bay Parkway, Suite 202
                             Brooklyn, NY 11214
                             Tel. 718-449-5100

    Attorney for Defendant:      O'Connor O'Connor Hintz
                                 One Hunting Quadrangle, Suite 3C01
                                 Melville, NY 11747
                                 Tel. 631-777-2330

    Scope:  Personal injury – subject to DOE coverage

Dated: Brooklyn, New York
       July 13, 2013

                                   HOYT TRANSPORTATION CORP.


                            By:    _____
                                   Name:    Chris J. Termini
                                   Title:    Vice President

5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      Chapter 11

HOYT TRANSPORTATION CORP.,                                  Case No.

                                    Debtor.
------------------------------------------------------------x

## RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, Hoyt Transportation Corp. (the "Debtor"), certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which are not publicly held.

Dated: Brooklyn, NY
      July 13, 2013

                                    HOYT TRANSPORTATION CORP.

                              By:  _____
                              Name:   Chris J. Termini
                              Title:   Vice President

**United States Bankruptcy Court**
**Eastern District of New York**

IN RE:                                                          Case No. _____

Hoyt Transportation Corp. _____   Chapter 11 _____
                    Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date: July 13, 2013 _____     _____
                                        Debtor


                                        _____
                                        Joint Debtor


                                        _____
                                        Attorney for Debtor

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

ADRIA SIMMONS
C/O CHERNY & PODOLSKY PLLC
8778 BAY PARKWAY SUITE 202
BROOKLYN NY  11214


ALL POINTS BUS INC
234 N FEHR WAY
BAY SHORE NY  11706


ALLIANCE HEALTH & SAFETY SERVICE INC
PO BOX 3210
FARMINGDALE NY  11735


AMERICAN EXPRESS
PO BOX 981535
EL PASO TX  79998


ANGEL RHYMES
C/O FRIEDMAN AND SIMON
333 JERICHO TPKE
JERICHO NY  11753


BANK OF AMERICA
PO BOX 982238
EL PASO TX  79998


BECKY PERKINS-PEACOCK
C/O BONINA & BONINA
16 COURT STREET SUITE 1600
BROOKLYN NY  11241


BONAMASSA MAIETTA & CARTELLI LLP
9001 FIFTH AVENUE
BROOKLYN NY  11209

BP
PO BOX 70887
CHARLOTTE NC  28272


BRONX GLASS & LIGHTS CORP
1353 RANDALL AVENUE
BRONX NY  10474


CADI AUTO PARTS INC
25 MILL POND PARKWAY
MONROE NY  11223


CAMEY OF NY LLC
432 FAWNS RUN
MORGANVILLE NJ  07751


CHASE BANK NA
PO BOX 78101
PHOENIX AZ  85062


CINTAS CORPORATION
PO BOX 630803
CINCINNATI OH  45263


CROPSEY LAND
PO BOX 920179
ARVERNE NY  11692


CROWN TOWING SERVICE INC
1615 MCDONALD STREET
BRONX NY  10461


CUSTOM WRECKERS INC
2481 MCDONALD AVENUE
BROOKLYN NY  11231

DRS
PO BOX 3224
FARMINGDALE NY  11735


DEREK BOSTICK
C/O WORBY GRONER EDELMAN LLP
11 MARTINE AVENUE PENTHOUSE
WHITE PLAINS NY  10606


DIVISION 1181 ATU - NEW YORK
EMPLOYEES PENSION FUND
101-49 WOODHAVEN BLVD
OZONE PARK NY  11416


EVERBANK COMMERCIAL FINANCE INC
PO BOX 911608
DENVER CO  80291


EZ-PASS VIOLATIONS
PO BOX 15186
ALBANY NY  12212


FLOSSIE CAPPUCCICO
C/O KAFKO SCHNITZER LLP
7 HUGH GRANT CIRCLE SUITE 1
BRONX NY  10462


GEORGALLAS
750 DRAKE STREET
BRONX NY  10474


GREENBERG TRAURIG LLP
200 PARK AVENUE
NEW YORK NY  10166

INFINITI FINANCIAL SERVICES
PO BOX 660360
DALLAS TX  75266


INTERNAL REVENUE SERVICE
10 METRO CENTER
625 FULTON STREET
BROOKLYN NY  11201


JACOB MARTIN HOOD
C/O MARK L LUBELSKY & ASSOC
123 WEST 18TH STREET 8TH FL
NEW YORK NY  10011


JOSEPH TERMINI SR
187 BEACH 136TH STREET
BELLE HARBOR NY  11694


KAYCEE JR ENTERPRISES LLC
2620 WEST 13TH STREET
BROOKLYN NY  11223


KRISTAL AUTO MALL
5200 KINGS HIGHWAY
BROOKLYN NY  11234


LENA TERMINI
C/O CHRIS TERMINI
188 BACHE AVENUE
STATEN ISLAND NY  10306


LEXUS FINANCIAL SERVICES
PO BOX 8026
CEDAR RAPIDS IA  52409

LOCAL 1181-1061 ATU  AFL-CIO
101-49 WOODHAVEN BOULEVARD
OZONE PARK NY  11416


LOGAN AMUSEMENT
34 DENTON AVENUE
EAST ROCKAWAY NY  11518


MEP AUTOMOTIVE WAREHOUSE
122 SCHOOL STREET
YONKERS NY  10701


NEW YORK CITY DEPARTMENT OF EDUCATION
44-36 VERNON BLVD
LONG ISLAND CITY NY  11101


NEW YORK STATE INSURANCE FUND
WORKERS COMPENSATION
PO BOX 5262
BINGHAMTON NY  13902


NEW YORK TRANSMISSION GROUP
154-05 NORTHERN BLVD
FLUSHING NY  11354


NLRB/LOCAL 1181-1061 ATU
C/O ANNIE HSU
2 METROTECH CENTER SUITE 5100
BROOKLYN NY  11201


NORTHEAST BATTERY
240 WASHINGTON STREET
AUBURN NY  01501

NY CITY DEPARTMENT OF FINANCE
BANKRUPTCY UNIT
340 ADAMS STREET 10TH FLOOR
BROOKLYN NY   11201


NYC DEPT OF EDUCATION
44-36 MOUNT VERON BOULEVARD
LONG ISLAND CITY NY   11101


NYS DEPT OF TAXATION
BANKRUPTCY/SPECIAL PROCEDURE
POBOX 5300
ALBANY NY   12205-0300


PITNEY BOWES GLOBAL FINANCIAL SERVICES
ATTN: BOX 371887
500 ROSS STREET SUITE 154-0470
PITTSBURGH PA   15262


QUADROZZI REALTY
PO BOX 920179
ARVERNE NY   11692


RANDALL PROPERTIES
8 REDMOND LANE
OYSTER BAY COVE NY   11771


RMK DISTRIBUTORS INC
2373 MCDONALD AVENUE
BROOKLYN NY   11223


SAND AUTOMOTIVE WAREHOUSE
59 15TH STREET
BROOKLYN NY   11215

SANITATION SALVAGE CORP
421 MANIDA STREET
BRONX NY  10474


SARAD INC
165 WILLIAMS AVENUE
BROOKLYN NY  11207


SEFERIANA GUTIERREZ
C/O TOLMAGE PESKIN & ASSOC
20 VESEY STREET SUITE 700
NEW YORK NY  10007


SOVEREIGN BANK
3 HUNTINGTON QUADRANGLE
MELVILLE NY  11747


STATCOM COMMUNICATION CORP
PO BOX 71
ALLENWOOD NJ  08720-0071


TET REALTY
31 BAY STREET
BROOKLYN NY  11231


VIKING SANITATION INC
PO BOX 60
BERKELEY HEIGHTS NJ  07922


WEX BANK
PO BOX 6293
CAROL STREAM IL  60197

YINAIRA RODRIGUEZ
C/O ZAREMBA BROWNELL & BROWN PLLC
40 WALL STREET 27TH FLOOR
NEW YORK NY  10005