UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                                    Case No. 1:13-bk-44299

                                                                                                     Chapter 11

HOYT TRANSPORTATION CORP

                                 Debtor
-------------------------------------------------------------------X

       PLEASE TAKE NOTICE, that BARY DUKE and CANDY DENNIS, by and through her attorneys, Hach & Rose, LLP, will move before Honorable Nancy Hershey Lord, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Brooklyn, New York, on December 18, 2013 at 9:30 a.m. or as soon thereafter as counsel can be heard, for an Order granting Plaintiff's BARRY DUKE and CANDY DENNIS relief from automatic stay.

       PLEASE TAKE FURTHER NOTICE, that any responses or objections to the Motion must be made in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served upon (1) Goldberg Weprin Finkel & Goldstein, LLP 1501 Broadway 22nd Floor New York, NY 10036; and (2) Office of the United States Trustee, 271 Cadman Plaza East, Suite 4529, Brooklyn, New York 11201;

Dated:  New York, New York
           November 1, 2013

                                                   Respectfully submitted,

                                                 Russell Ragland, Esq.
                                                 HACH & ROSE, L.L.P.
                                                 Attorneys for Plaintiff(s)
                                                 185 Madison Avenue, 14th Floor
                                                 New York, New York 10016
                                                 Tel. 212/779-0057

UNTIED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                    Case No. 1:13-bk-44299

                                                                                                                                                           Chapter 11

HOYT TRANSPORTATION CORP

                                          Debtor
------------------------------------------------------------X

## MOTION BY BARRY DUKE and CANDY DENNIS FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. §362(a) AND NOTICE OF MOTION AND HEARING

      BARRY DUKE and CANDY DENNIS (hereinafter referred to as "Movants"), by counsel and pursuant to 11 U.S.C. §362(d)(1), and the Federal Rules of Bankruptcy Procedure §§4001(a)(1), 9013 and 9014, and the local Bankruptcy Rules of this Court, hereby moves this Honorable Court before Hon. Nancy Hershey Lord on December 18, 2013 at 9:30 o'clock in the forenoon or as soon thereafter as counsel can be heard for relief from the automatic stay imposed by 11 U.S.C. §362(a) to permit the continuation of a lawsuit for claims brought for personal injury in the Supreme Court of the State of New York, County of Kings, against the Debtor, Hoyt Transportation Corp and its related entities (herein referred to as "Debtor"), and in support of this motion, states as follows:

     1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334(a), 11 U.S.C. §362(d) and 11 U.S.C. §§701, *et seq.*

     2.     This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(G).

### FACTS AND PROCEDURAL BACKGROUND

     3.     On July 13, 2013, a voluntary Petition seeking an Order for Relief under Chapter 11 of the Bankruptcy Code was filed by Hoyt Transportation Corp, before this Honorable Court.

     4.     Prior to the filing of the Creditors' Bankruptcy Petition, on April 27, 2010, plaintiff BARRY DUKE sustained severe permanent personal injuries as a pedestrian in a motor vehicle accident as a result of the Debtor's negligence.

5. On June 21, 2010, Movants commenced a civil action in the Supreme Court of the State of New York, Kings County, captioned <u>BARRY DUKE and CANDY DENNIS v GUILLAUME SCHILLER and HOYT TRANSPORTATION CORP</u>, in connection with the accident. A copy of the pleading is annexed hereto as **Exhibit "A"**.

### DEBTOR'S APPLICABLE INSURANCE POLICY AT TIME OF INCIDENT

6. On the date of the aforesaid incident, April 27, 2010, it is believed Debtor had in effect an insurance policy with Discovery Property & Casualty Insurance with policy number D008A00110 with a CSL of $1,000,000. Gallagher Bassett Services, Inc. is the authorized claims administrator on behalf of Hoyt Transportation with file number 000741-012330-AB-01. Movant contends that the Insurance Policy does provide coverage pertaining to personal injuries sustained by Movant as a result of Debtor's negligence for the applicable time period.

7. Movant wishes to continue the Civil Court Action to recover monetary judgment for the serious personal injuries he sustained as a result of his motor vehicle accident caused by Debtor's negligence. Importantly, it is believed that Debtor paid premiums to Discovery Property & Casualty Insurance to acquire and maintain liability insurance coverage. Debtor is not faced with a financial burden if Movant proceeds with the Civil Court Action as Movant seeks to obtain the aforesaid judgment solely from the Insurance Policy to satisfy same.

8. Thus, neither the bankruptcy estate nor Debtor will suffer pecuniary harm if this Court grants Movant's application to vacate/modify the automatic stay and permit Movant to prosecute the Civil Court Action for a monetary judgment to the extent of the Insurance Policy. Finally, if Movant was permitted to proceed with the Civil Court Action, that proceeding will not disrupt or interfere with Debtor's pending bankruptcy action. Therefore, granting Movant's present application will not prejudice the bankruptcy estate or Debtor. However, the prejudice to Movant is great because, unless the Section 362 automatic stay is vacated and/or modified, Movant cannot seek the relief requested in the Civil Court Action for his injuries.

## SECTION 362(D) of THE BANKRUPTCY CODE

9.  Pursuant to Section 362(d), this Court may, at the request of a party in interest and after notice and a hearing, grant relief from the automatic stay such as terminating, annulling, modifying, or conditioning such automatic stay.

## ARGUMENT FOR LEAVE TO LIFT AUTOMATIC STAY

10.  As shown by the annexed pleadings, the lawsuit was commenced prior to the filing of the involuntary bankruptcy petition here. Any recovery would be limited to the available insurance coverage for the entities involved in the State Court litigation, including entities who have no relationship to Hoyt Transportation Corp or are not involved in the particular bankruptcy proceeding. Plaintiff, in the State action, seeks no further recovery or remedy against the Debtor and will limit any recovery to the insurance coverage available at that time of the occurrence, and specifically related to the subject accident.

11.  Movants agree to waive any right to recover directly from the Debtor's assets. Once the Court lifts this stay, the Movants will seek to proceed on the claims against the Debtor named in the State Supreme Court action.

12.  These bankruptcy proceedings will not be affected by permitting the Movants to proceed with the underlying cause of action and limit any recovery to the available insurance limits applicable at the time of the occurrence.

13.  In addition, the Movants have taken steps to avoid interfering with the Chapter 11 proceeding, or to affect any right of recovery against the assets of the defendant.

14.  Based on the foregoing, it is respectfully requested that this Court lift the bankruptcy stay of the proceedings pending in the Supreme Court, Kings County to allow the plaintiffs in that action, the Movants here, to proceed with the underlying personal injury action and to obtain any recovery from the insurance proceeds available to the defendant, Hoyt Transportation Corp and any other party who may be involved in that litigation against whom no proceeding in bankruptcy is pending.

## NO PREVIOUS REQUEST

15. No previous request for relief sought herein has been made to this or any other court.

WHEREFORE, it is respectfully requested that this Honorable Court issue an Order lifting the bankruptcy stay of the state proceedings and permitting the Movants to proceed with this action to allow a recovery against the responsible parties limited to any available insurance proceeds which may be obtained from the insurance company for defendant Hoyt Transportation Corp. or any of its related entities.

Dated: New York, New York
       November 1, 2013

                              Respectfully Submitted,

                              */s/ Russell Ragland*
                              Russell Ragland, Esq.
                              HACH & ROSE, L.L.P.
                              Attorneys for Plaintiff(s)
                              185 Madison Avenue, 14th Floor
                              New York, New York 10016
                              Tel. 212/779-0057

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
BARRY DUKE and CANDY DENNIS,

                Plaintiff(s),

  -against-

GUILLAUME SCHILLER and HOYT
TRANSPORTATION CORP.,

                Defendant(s).
-----------------------------------------------------------------X

Index: 15243/2010

SUMMONS

Basis of Venue:
Defendant's Residence

To the above named Defendant(s):

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

*Defendant's residence:*      777 East 31st Street, Apt 7J, Brooklyn, NY 11210

Dated: May 21, 2010

                Yours, etc.

                HACH & ROSE, LLP
                Attorneys for Plaintiff(s)
                185 Madison Avenue, 8th Floor
                New York, NY 10016
                T. 212.779.0057
                F. 212.779.0028
                By:
                Michael A. Rose

To:    Guillaume Schiller
       777 East 31st Street, Apt 7J
       Brooklyn, NY 11210

       Hoyt Transportation Corp.
       c/o Secretary of State
       80 State Street
       Albany, NY 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
BARRY DUKE and CANDY DENNIS

                              Index No.

                    Plaintiff(s),

     -against-                                       **VERIFIED COMPLAINT**

GUILLAUME SCHILLER and HOYT
TRANSPORTATION CORP.

                    Defendant(s).
-------------------------------------------------------------------X

Plaintiff(s), by their attorneys, HACH & ROSE, LLP, as and for a cause of action allege upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF BARRY DUKE

1. On or about April 20, 2010, and at all times herein mentioned, the Plaintiffs were and still are resident(s) of the County of New York, State of New York;

2. This action falls within one or more of the exceptions set forth in CPLR Section 1602;

3. The cause of action herein arose in the County of New York, State of New York;

4. On or about April 20, 2010, and at all times herein mentioned, Defendant, HOYT TRANSPORTATION CORP., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York;

5. On or about April 20, 2010, and at all times herein mentioned, Defendant, GUILLAUME SCHILLER was a resident of the County of Kings, State of New York;

6. On or about April 20, 2010, and at all times herein mentioned, Defendant, HOYT TRANSPORTATION CORP. was the owner of a 2004 Ford bearing New York State license plate number 30464SL;

7. On or about April 20, 2010, and at all times herein mentioned, Defendant, HOYT TRANSPORTATION CORP. was the registrant of the aforesaid vehicle;

8. On or about April 20, 2010, and at all times herein mentioned, Defendant, GUILLAUME SCHILLER operated the aforesaid motor vehicle, bearing license plate number 30464SL;

9. On or about April 20, 2010, and at all times herein mentioned, Defendant, GUILLAUME SCHILLER controlled the aforesaid motor vehicle;

10. On or about April 20, 2010, and at all times herein mentioned, Defendant, GUILLAUME SCHILLER operated the aforesaid motor vehicle with the permission of the owner, Defendant HOYT TRANSPORTATION CORP.;

11. On or about April 20, 2010, and at all times herein mentioned, Plaintiffs, BARRY DUKE and CANDY DENNIS were a residents of the County of New York, State of New York;

12. On or about April 20, 2010, and at all times herein mentioned, Chrystie Street at or near the intersection of East Houston Street, New York, NY was a public roadways and/or thoroughfares;

13. On or about April 20, 2010, Defendant, GUILLAUME SCHILLER was operating the aforesaid vehicle;

14. On or about April 20, 2010, at the aforesaid location, the vehicle owned by the Defendant, GUILLAUME SCHILLER and the Plaintiff, BARRY DUKE, came into contact;

15. As a result of the occurrence, Plaintiff(s) BARRY DUKE was seriously injured;

16. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiffs contributing thereto.

17. That the negligence of the Defendants consisted of, but not limited to, operating the aforesaid motor vehicles in a negligent, reckless and careless manner; in failing to keep the aforesaid motor vehicles under reasonable and proper control; in failing to operate the aforesaid motor vehicles with due regard for the safety of the public and others; in failing to keep a proper lookout, in failing to observe what was available to be observed; in failing to observe the Plaintiff; in operating the aforesaid motor vehicles in a manner contrary to, and in violation of, the statutes, ordinances, rules and regulations applicable and in existence on the date of the occurrence; in failing to provide and/or make prompt and timely use of adequate and efficient brake and steering mechanisms; in operating the aforesaid motor vehicles in such a negligent, careless and reckless manner as to precipitate the aforesaid occurrence; in failing to take defensive action; and in failing to warn of the approach of the aforesaid motor vehicles;

18. That by reason of the foregoing, Plaintiff BARRY DUKE has sustained a serious injury as defined by Section 5102 of the Insurance Law;

19. That by reason of the foregoing, Plaintiff BARRY DUKE has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CANDY DENNIS:

20. That the Plaintiff, CANDY DENNIS repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "19", with the same force and effect as though each and every allegation were set forth more fully herein at length below;

21. That at all times hereinafter mentioned, Plaintiff, CANDY DENNIS was the lawful spouse of the Plaintiff, BARRY DUKE as such said Plaintiff, CANDY DENNIS was entitled to the society, services and consortium of the said Plaintiff, BARRY DUKE;

22. By reason of the afore-described negligence of the Defendants, their agents, servants and/or employees, the Plaintiffs, CANDY DENNIS was deprived of the aforesaid society, services and consortium of the Plaintiff, BARRY DUKE and shall forever be deprived of said society, services and consortium;

23. That by reason of the foregoing negligence on the part of the Defendants, the Plaintiff CANDY DENNIS has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, together with the costs and disbursements of this action;

WHEREFORE, Plaintiff BARRY DUKE demands judgment against the Defendants herein on The First Cause of Action in an amount exceeding the jurisdictional limits of all lower courts of the State of New York together with the interests, costs and disbursements of this action.

Plaintiff, CANDY DENNIS, demands judgment against the Defendants herein on the Second Cause of Action in an amount exceeding the jurisdictional limits of all lower courts of the State of New York together with the interests, costs and disbursements of this action.

Dated: New York, New York
      May 21, 2010

Yours, etc.,

Michael A. Rose
HACH & ROSE, LLP
Attorneys for Plaintiff(s)
BARRY DUKE and CANDY DENNIS
185 Madison Avenue, 8th Floor
New York, NY 10016
(212) 779-0057

STATE OF NEW YORK }
)
)
)
} ss.
COUNTY OF NEW YORK }

Michael A. Rose, being duly sworn, deposes and says:

That deponent is a member with HACH & ROSE, L.L.P., attorneys for Plaintiff(s), in the within action; that the deponent has read the foregoing **SUMMONS AND COMPLAINT** and knows the contents thereof; that the same is true to deponents knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reasons that this verification is not made by the Plaintiff(s) and is made by deponent is that Plaintiff(s) does/do not reside in the county where the attorney for the Plaintiff(s) have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's beliefs as to all matters not stated upon deponent's knowledge are from investigation made on behalf of Plaintiff(s).

DATED:     NEW YORK, NEW YORK
           May 21, 2010

                                          _____
                                          Michael A. Rose
                                          HACH & ROSE, LLP
                                          185 Madison Avenue, 8th Floor
                                          New York, NY 10016
                                          (212) 779-0057

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

BARRY DUKE and CANDY DENNIS,

                                                  Plaintiff(s),

     -against-

GUILLAUME SCHILLER and HOYT TRANSPORTATION CORP.,

                                                  Defendant(s).

---

                            **HACH & ROSE, LLP**
                              Attorneys for Plaintiff(s)
**BARRY DUKE and CANDY DENNIS**
185 Madison Ave, 8th Floor
New York, NY 10038
Tel. (212) 779-0057
Fax. (212) 779-0028

---

Service of a copy of the within     **SUMMONS & COMPLAINT**    is hereby admitted.
Dated:

                                      ..........................................................................
                                      Attorneys for:

---

PLEASE TAKE NOTICE

    ☐    That the within is a (certified) true copy of a
           Entered in the office of the Clerk of the within named court on            20

    ☐    That an Order of which the within is a true copy will be presented for settlement to the Hon.
                          one of the judges of the within named Court,
        at
        on               20        at            M.

Dated:                **HACH & ROSE, LLP**
                       Attorneys for Plaintiff(s)
                       BARRY DUKE and CANDY DENNIS
185 Madison Avenue, 8th Floor
New York, New York 10016

---

| | |
|---|---|
| STATE OF NEW YORK      } | |
| } ss. | |
| COUNTY OF NEW YORK   } | |

**Gabriela Pulla**, duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age, and resides in Queens, New York.

On  November 5 , 2013, deponent served the within **NOTICE OF MOTION** on:

*Goldberg Weprin Finkel Goldstein, LLP*
*Attorneys for Debtor*
**HOYT TRANSPORTATION CORP.**
*1501 Broadway – 22nd Floor*
*New York, NY 10036*

*Silverman Sclar Shin & Byrne PLLC*
*Attorneys for Defendant in Civil Court Action*
**GUILLAUME SCHILLER and**
**HOYT TRANSPORTATION CORP.**
*381 Park Avenue, 16th Floor*
*New York, NY 10016*

Said address(es) designated by said attorney(s) for the purpose by depositing a true copy of same enclosed in a post paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_/s/ Gabriela Pulla_
Gabriela Pulla

Sworn to before me this

5th day of  November , 2013.

_/s/ Marie Morrow_
Notary Public

MARIE MORROW
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MO6251412
Qualified In Queens County
My Commission Expires November 14, 2015

UNTIED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

re:                                                                         Case No. 1:13-bk-44299

HOYT TRANSPORTATION CORP

                Debtor

## NOTICE OF MOTION

**HACH & ROSE, LLP**
Attorneys for Plaintiff(s)
**BARY DUKE and CANDY DENNIS**
185 Madison Avenue, 14th Floor
New York, NY 10038
Tel. (212) 779-0057
Fax. (212) 779-0028