UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:                                                                        Chapter 11

HOYT TRANSPORTATION CORP.,                              Case No.  13-44299-NHL

                                                Debtor.
----------------------------------------------------------x

## STIPULATION AND AGREED ORDER FOR ADEQUATE PROTECTION

Hoyt Transportation Corporation, the Debtor herein ("Hoyt"), and Santander Bank, N.A., formerly known as Sovereign Bank N.A. (the "Bank"), stipulate and agree (the "Stipulation") as follows:

WHEREAS, on July 13, 2013 (the "Petition Date"), Hoyt filed with this Court a voluntary petition for relief under 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"); and

WHEREAS, Hoyt has continued in possession and management of its affairs as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee, examiner or Official Committee of Unsecured Creditors has been appointed herein; and

WHEREAS, prior to the Petition Date, Hoyt was a borrower under a series of purchase money notes (the "Notes") issued by the Bank to finance various segments of the Debtor's school bus fleet;

WHEREAS, the Notes aggregated approximately $3,309,581 as of the Petition Date, and bore different maturities and interest rates generally in the range of 4.09% to 5.47%; and

WHEREAS, to secure Hoyt's obligations to the Bank under the Notes, the Bank was granted and holds valid and perfected first priority liens and security interests in certain (but not all) of the buses owned by the Debtor as listed in Exhibit "A" annexed hereto (the "Collateral"); and

WHEREAS, Hoyt was current under the Notes as of the Petition Date but has accrued certain post-petition arrears pending a final resolution on adequate protection; and

1

WHEREAS, Hoyt sold ninety-eight buses pursuant to order of the Bankruptcy Court dated August 9, 2013 for the total sum of $1,581,465.80 and satisfied various liens held by the Bank totaling said sum leaving a principal balance of $1,747,000.00 owed to the Bank (the "New Balance"); and

WHEREAS, Hoyt has agreed to provide the Bank with adequate protection payments with respect to the New Balance; and

NOW THEREFORE, in consideration of the mutual covenants and agreements herein contained, Hoyt and the Bank stipulate and agree as follows:

1.     Commencing as of October 25, 2013 and continuing on the twenty fifth day of each successive month for a period of twenty six (26) months, Hoyt shall pay the Bank the total monthly sum of $63,447.83 (the "Monthly Payment") constituting interest and principal as per the attached amortization schedule annexed hereto as Exhibit "B".

2.     The Monthly Payment constitutes adequate protection within the meaning of 11 U.S.C. § 363(e) for the Debtor's continued retention of the Collateral and is deemed to satisfy all of the Debtor's obligations in this regard.  The Bank shall be entitled to a conventional administrative expense claim on par with the Debtor's other allowed administrative expense claims under Section 503(b) and 507(a) of the Bankruptcy Code to the extent of any delinquent Monthly Payments.

3.     On the Effective Date of this Stipulation, Hoyt shall also pay to the Bank the sum of $190,343.49, representing the accrued July through September 2013 monthly principal and interest payments under the new Consolidated, Amended, Modified and Restated Promissory Note and Security Agreement ("Consolidated Note").

4.     To secure repayment of the New Balance, the Bank shall retain the liens and security interests upon the Collateral to the same extent and with the same priority as existed prior to the Petition Date.

5.     For administrative purposes, Hoyt is hereby authorized to enter into the Consolidated Note in the form annexed hereto as Exhibit "C", providing that the New Balance is subject to a single note with an interest rate of 4.19% (which is less than the average of the interest rates under the

2

contracts, ranging from 4.11% to 4.40%) and a term of 26 months with the payment amounts as set forth above. The Consolidated Note also allows for partial pay-downs of the New Balance, as encumbered buses in the Debtor's fleet may be sold in the future.

6.    The occurrence of any of the following events shall be considered an "Event of Default" under this Stipulation, if the Debtor fails to cure same within ten (10) days after receipt of written notice to the Debtor and its counsel:

(a)    failure of the Debtor to make the adequate protection payments as provided in this Stipulation; or

(b)    failure of the Debtor to maintain existing insurance on the Collateral.

7.    Upon the occurrence of an Event of Default, the Bank may move for immediate relief from the automatic stay on expedited notice of five (5) days to the Debtor, Debtor's counsel, Office of the United States Trustee and all persons filing a notice of appearance and request for papers.

8.    This Stipulation is subject to and conditioned upon the approval of the Bankruptcy Court and shall not be effective until "So Ordered" by the Bankruptcy Court.

9.    This Stipulation may be executed in counterparts by electronic signature.

Dated: New York, New York
     October 24, 2013

| | |
|---|---|
| Goldberg Weprin Finkel Goldstein LLP | SANTANDER BANK, N.A. |
| *Attorneys for Debtor* | 3 Huntington Quadrangle |
| 1501 Broadway, 22nd Floor | Suite 101N |
| New York, NY 10036 | Melville, NY 11747 |
| /s/ Kevin J. Nash, Esq. | /s/ Luanne Chu, Esq. |
| By: Kevin J. Nash, Esq. | By: Luanne Chu, Esq. |

**SO ORDERED:**

**Dated: November 13, 2013**
     **Brooklyn, New York**

_____
     **Nancy Hershey Lord**
     **United States Bankruptcy Judge**